IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **GEORGE FLORES, TODD SCHAFFER, CARLOS LEONARDO DELCID, LESLIE DIAZ and MELANIE WHITCOMB**, on behalf of themselves and others similarly situated, | § § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-27 |
| **ACCC GENERAL AGENCY, INC.** dba ACCC INSURANCE COMPANY, | § § § § § | |
| *Defendant.* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(6)**

Defendant ACCC General Agency, Inc. ("Defendant"), incorrectly named and sued in Plaintiffs' Complaint (the "Complaint") (Dkt. 1) as "ACC General Agency, Inc. d/b/a ACCC Insurance Company," files this Reply in Support of Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted (the "Motion") (Dkt. 9).

**I. SUMMARY**

1. Plaintiffs George Flores, *et al.* ("Plaintiffs") incorrectly named ACCC General Agency, Inc. (the "General Agency") as "ACCC General Agency, Inc. d/b/a ACC Insurance Company" in their Complaint. (Dkt. 1). As pointed out in the Motion, no such entity exists, and all of the Plaintiffs were employed by ACCC Insurance Company (the "Insurance Company"), not by Defendant. (Dkt. 1 at ¶9; Dkt. 9 ¶1). Plaintiffs' Response to Defendant's Motion to Dismiss Under Rule 12(b)(6) ("Plaintiffs' Response") makes clear that Plaintiffs intended to sue their employer, the Insurance Company. (Dkt. 10 at III.A). Therefore, Defendant should be dismissed,

and Plaintiffs should be allowed to pursue their claims against the Insurance Company, although it is not clear that they can do so in this lawsuit.[1]

2. Plaintiffs' argument incorrectly asserts that Defendant relies on the unforeseeable business circumstances exception under the WARN Act even though the State of Texas, not Defendant or the Insurance Company, ordered the absolute closing of the Insurance Company and the termination of its employees, including Plaintiffs. Defendant does not argue that the unforeseeable business circumstance exception applies, only that the terminations which could trigger the WARN Act were all decisions made by the Receiver, not by Defendant or the Insurance Company.

## II. ARGUMENT

### A. Plaintiffs Intended to Sue the Insurance Company.

3. Plaintiffs' Response makes clear that Plaintiffs intended to sue ACCC Insurance Company[2] (the "Insurance Company") and accurately states that all Plaintiffs were employees of the insurance company. (Dkt. 10 at III.A; Dkt. 1 at ¶9). Defendant agrees that Plaintiffs sued the wrong defendant. ACCC General Agency does not do business, and has never done business, as ACCC Insurance Company. The General Agency and the Insurance Company are each separate corporate entities, and the General Agency has never done business as the Insurance Company. Accordingly, Defendant should be dismissed and Plaintiffs should be allowed to pursue their claims against the Insurance Company in accordance with applicable law.

---

[1] Because of the filing of the receivership proceeding, there is an automatic stay in of all proceedings against the Insurance Company under the State's Liquidation Order (Dkt. 9 at Ex. 2 ¶5.1) ("An automatic stay remains in effect with respect to actions against ACCC [the Insurance Company] or its property pursuant to TEX. INS. CODE § 443.008(c). In accordance with TEX. INS. CODE § 443.008(f), such stay of actions against ACCC is in effect for the duration of this proceeding, and the stay of actions against ACCC's property is in effect for as long as the property belongs to the receivership estate.").

**B. Plaintiffs' Incorrectly Argue the Unforeseeable Business Circumstances Exception Applies.**

4. Plaintiffs' Response incorrectly asserts that Defendant claims that the unforeseen business circumstances exception of the WARN Act applies to their termination, (Dkt. 10 at III.B, III.C), but that is not the argument that Defendant makes. (*See* Dkt. 9). Plaintiffs' refer to cases citing *Finkler v. Elsinore Shore Associates*, 781 F. Supp. 1060 (D.N.J. 1992), but those cases and that argument were expressly rejected in *Buck v. FDIC*, 75 F.3d 1285 (8th Cir. 1995), which is the case on which Defendant's argument is based. (Dkt. 10 at III.B). Here, just as in *Buck*, Plaintiffs make the same flawed argument. *Buck*, 75 F.3d at 1291 ("Buck argues that we should analyze FDIC ordered closures of bridge banks under the 'unforeseeable business circumstance' exception . . . . Buck's reliance on *Finkler*, however, is misplaced.").

5. In *Buck*, the court distinguished *Finkler* by noting the board of directors and management of the banks were "undeniably and effectively 'ousted from control'" and the sale of the banks made the closing absolute. *Id.* at 1292. Here, just as in *Buck*, the management and control of the Insurance Company was ousted from control and the liquidation resulted in an absolute closing. The closing is absolute because the management of the Insurance Company cannot "remedy the conditions that caused the closing and reopen the business." *Id.* (citation omitted). The Insurance Company is, in fact, permanently enjoined from exercising control or conducting business under the State's Liquidation Order and cannot remedy the conditions that caused the closing and reopen the business. (Dkt. 9 at Ex. 2 ¶¶4.1–4.9). The State's Liquidation Order and permanent injunction against the Insurance Company is an absolute closing that results in the layoff of its employees. Accordingly, just as in *Buck*, the Plaintiffs' cannot state a claim upon which relief may be granted against the Insurance Company because they are not the employer that ordered the layoff.

### III. CONCLUSION

6. Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice and award such other and further relief to Defendant as this Court deems just and proper.

Respectfully submitted,

WINSTEAD PC

By:   */s/ Stephen W. Schueler*
     Stephen W. Schueler,
     S.D. Tex. Bar No. 5126
     State Bar No. 17823000
     sschueler@winstead.com
     Christopher H. Robertson
     S.D. Tex. Bar No. 3631253
     State Bar No. 24107267
     crobertson@winstead.com
     600 Travis, Suite 5200
     Houston, Texas 77002
     (713) 650-8400 – Telephone
     (713) 650-2400 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**ACCC GENERAL AGENCY, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this 16th day of March, 2021, via the Court's ECF system.

                            */s/ Stephen W. Schueler*
                            Stephen W. Schueler