IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE FLORES, TODD SCHAFFER, CARLOS LEONARDO DELCID, LESLIE DIAZ, and MELANIE WHITCOMB on behalf of themselves and others similarly situated. | § § § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO.: 4:21-cv-27 |
| v. | § § § | JURY DEMANDED |
| ACCC INSURANCE COMPANY and EMBARK GENERAL INSURANCE AGENCY, LLC | § § § § | |
| *Defendants*. | § § | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT,**
**29 U.S.C. 2101, ET SEQ.**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs, on behalf of themselves and a class of similarly situated former employees of Defendant, ACCC Insurance Company acquired by Defendant Embark General Insurance Agency, LLC on December 1, 2020[1] ("Defendants"), pursuant to §2104(a)(5) of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, *et seq*. as follows:

---

[1], Embark General Takes Over Policies of Defunct ACCC insurance company, Cision PR Newswire (Dec. 15, 2020, 18:58 ET), https://www.prnewswire.com/news-releases/embark-general-takes-over-policies-of-defunct-accc-insurance-company-301193598.html; and
Lyle Adriano, Embark General takes over auto insurance business of insolvent company, Insurance Business America (Dec. 16, 2020) https://www.insurancebusinessmag.com/us/news/breaking-news/embark-general-takes-over-auto-insurance-business-of-insolvent-company-242111.aspx

## I.     NATURE OF THE ACTION

1. Plaintiffs were employees of Defendant ACCC Insurance Company for purposes of the WARN Act until their termination along with over 50 employees on or about December 31, 2020.

## II.     PARTIES

1. Plaintiff, George Flores, is an adult resident of Harris County, Texas, who resides at 403 Laurel Pine Dr. Kingwood, Texas 77339.

2. Plaintiff, Todd Shaffer, is an adult resident of Harris County, Texas, who resides at 16602 Hope Farm Lane Cypress, Texas 77429.

3. Plaintiff, Carlos Leonardo Delcid, is an adult resident of Fort Bend County, Texas, who resides at 8811 Grand Villa Ln, Richmond, Texas 77407.

4. Plaintiff, Leslie Diaz, is an adult resident of Harris County, Texas, who resides at 4906 Glengarry Rd, Houston, Texas 77048.

5. Plaintiff, Melanie Whitecomb, is an adult resident of Harris County, Texas, who resides at 2730 Silver Falls Drive, Kingwood, Texas 77339.

6. Plaintiffs also bring this action on behalf of other Plaintiffs similarly situated who are currently and formerly employed by Defendant, pursuant to § 2104(a)(5) of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101.

7. Defendant, ACCC Insurance Company, is an employer within the meaning of the WARN Act, in that the Defendant has employed 300 or more employees who work in the aggregate at least 4000 hours per week, exclusive of overtime.

8. Defendant Embark General Insurance Agency, LLC is a Foreign Limited Liability Company who may be served through its registered agent CT Corporation System, 1999 Bryant

Street, Suite 900, Dallas, Texas 75201-3136.

9. Named Plaintiffs were at all time material herein, employees of ACCC Insurance Company in Houston, TX. Named Plaintiffs were also employees of ACCC Insurance Company, until they and the Class Members were terminated, as a part of/result of a Mass Layoff without the required statutory written notification mandated by the WARN Act.

10. Other similarly situated employees were employees of ACCC Insurance Company in Texas.

### III.   JURISDICTION AND VENUE

11. Jurisdiction of this Court is founded on § 2104 of the WARN Act, 29 U.S.C. § 2100 et seq.

12. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

### IV.   FACTS

13. ACCC Insurance offered services and operated in Texas, Georgia, Alabama, New Mexico, South Carolina, and Mississippi.

14. ACCC Insurance began massive layoff of the company in the summer of 2020. The first of these mass layoffs occurred on June 11, 2020 with more than fifty employees with severance packages.

15. ACCC Insurance's next mass layoff occurred on October 20, 2020 with again more than fifty employees being laid off.

16. ACCC Insurance's next mass layoff occurred the first week of December 2020 with yet again laying off more than fifty employees.

17. ACCC Insurance sent a Notice that was said to be "in compliance with the Worker Adjustment and Restraining Notification (WARN) Act" to the remaining employees on December 18, 2020 notifying them that their last day would be on December 31, 2020. *See Exhibit 1*.

18. ACCC Insurance did not give any employee the required 60-day notification of mass layoff. It gave a thirteen (13) day notice.

19. ACCC Insurance Company shut down its operations, including the entire corporate headquarters and terminate all employees on December 31, 2020.

20. ACCC Insurance Company has not notified the Texas Workforce Commission of it shut down.

## IV.   GENERAL ALLEGATIONS

21. Section 2101 of the WARN Act requires employers to provide 60 days advance written notice to each affected employee prior to ordering a plant closing or mass layoff.

22. This advance notice must also be provided to the State or entity designated by the State to carry out rapid response activities under § 2864 (a)(2)(A) of the WARN Act, and the chief elected official of the unit of local government within which such closing or layoff is to occur.

23. The Defendant ordered and carried out a mass layoff within the meaning of the WARN Act.

24. The Defendant failed to provide sufficient advance notice to its employees.

25. The Defendant's failure to provide advance notice of a mass layoff is in violation of the WARN Act.

## V.   DAMAGES

26. Pursuant to § 2104 of the WARN Act, any employer who orders a plant closing or mass

layoff in violation of § 2102 of this title is generally liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for - -

    (A)    back pay for each day of violation; and
    (B)    benefits under an employee benefit plan,

Calculated for the period of the violation, up to a maximum of sixty (60) days.

## VI.    JURY DEMAND

27.    Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## VII.    PRAYER

28.    For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

    a. Enter a judgement in the favor of Plaintiffs named and other employees similarly situated against the Defendant for all amounts owing under the WARN Act, together with accumulated prejudgment interest thereon, Plaintiffs' actual attorney fees, and court cost;

    b. Order a complete audit of Defendant's books and records, in order to determine the total amount of fringe benefits owed;

    c. Order that jurisdiction of this matter be retained, pending compliance with the Court's orders; and

    d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,

By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
Email Alfonso.Kennard@KennardLaw.com
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Cristabel Jimenez
Texas Bar No. 24096165
Southern District No. 3644269
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
cristabel.jimenez@kennardlaw.com